HENRY F. VOESSING AND OTHERS, APPELLANTS, *v.* CLEMENTINA VOESSING AND OTHERS, RESPONDENTS.

*Partition suit under chapter 238 of 1853 — void devise should be set up in.*

APPEAL from an order, made at Special Term, striking out portions of the complaint as irrelevant.

This action was brought by the plaintiffs, claiming as heirs at law of an intestate, for the partition of certain lands of which they were in possession. The action was brought against certain of the other tenants in common, and against one McCloskey, to whom a deed of the lands appeared to have been executed by the intestate, the plaintiff claiming that such deed had not in fact been so executed, and that the same was invalid. Upon a motion of the defendant, McCloskey, certain of the allegations of the complaint were stricken out as irrelevant.

The court, at General Term, said: " In this case the plaintiffs claiming the land by descent as heirs at law commenced this action for a partition. They alleged in the complaint an apparent devise by their father by will, which was void, and also an adjudication

upon the will declaring it to be so. The paragraphs containing these statements were, on motion, stricken out as irrelevant. This was erroneous, and, it seems, would not have been done had there not existed some misapprehension of the nature of the action. The statute (3 R. S. [6th ed.], p. 60, § 22) provides that any heir or heirs claiming lands from an ancestor may prosecute for partition thereof, notwithstanding any apparent devise by such ancestor or any possession held under such devise, provided that such heir or heirs shall *allege* and establish in the same suit, action or proceeding that such apparent devise is void. The statement of this provision demonstrates the error of the order made. It was essential to the plaintiffs' case that they should aver the existence of the devise and its invalidity, and they did so. The defendant McCloskey was not called upon to answer that part of the complaint, unless the plaintiffs' title as heirs at law in fact was disputed. His part of the case is separate and independent, and relates exclusively to the validity of the deed under which he claims."

*B. E. Valentine*, for the appellants. *John P. O'Neill*, for the respondents.

Opinion by BRADY, J.; DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order reversed, with ten dollars costs, and disbursements of appeal to abide the event.